IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| LADARIUS KINTIA ANDERSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:24-CV-254-KFP |
| | ) | |
| MARTIN J. O'MALLEY, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Pursuant to 42 U.S.C. § 405(g), Plaintiff Ladarius Kintia Anderson filed a Complaint seeking review of the Social Security Administration's decision denying his application for disability, disability insurance benefits, and supplemental security income. Doc. 1. The Court construes Plaintiff's supporting brief (Doc. 6) as a motion for summary judgment and the Commissioner's opposition brief (Doc. 7) as a motion for summary judgment. The parties have consented to the exercise of dispositive jurisdiction by a magistrate judge pursuant to 28 U.S.C. § 636(c). Docs. 8, 9.

After scrutiny of the record and the motions submitted by the parties, the Court finds that Plaintiff's motion for summary judgment is due to be DENIED, the Commissioner's motion for summary judgment is due to be GRANTED, and the decision of the Commissioner is due to be AFFIRMED.

## I.      STANDARD OF REVIEW

This Court's role in reviewing claims brought under the Social Security Act is a narrow one. The scope is limited to determining whether substantial evidence in the record as a whole supports the Commissioner's decision and whether the correct legal standards were applied. *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011). Substantial evidence is more than a scintilla but less than a preponderance. *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990). The Court may not reweigh evidence or substitute its judgment for that of the Commissioner and, even if the evidence preponderates against the Commissioner's factual findings, the Court must affirm if the decision is supported by substantial evidence. *Winschel*, 631 F.3d at 1178; *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983).

## II.     PROCEDURAL BACKGROUND

On December 19, 2019, Plaintiff filed an application for a period of disability and disability insurance benefits, and an application for supplemental security income, alleging disability as of June 4, 2018. R. 16. Plaintiff's applications were denied on initial review and reconsideration. *Id.* After the reconsideration denial, Plaintiff requested a hearing before an Administrative Law Judge (ALJ). *Id*. The ALJ held a telephone hearing on January 30, 2023. *Id*. On August 21, 2023, the ALJ held a supplemental telephone hearing. *Id.* At this supplemental hearing, Plaintiff (through his counsel) amended the alleged disability onset date to December 19, 2019. *Id.* The ALJ issued an unfavorable decision on November 28, 2023 (R. 31), and the Appeals Council denied Plaintiff's

request for review of the hearing decision, (R. 1). Thus, the hearing decision became the final decision of the Commissioner. *See* 42 U.S.C. § 405(g).

## III.   THE ALJ'S DECISION

Upon review of the record, the ALJ determined Plaintiff had severe impairments of "borderline intellectual functioning, schizophrenia, anxiety, personality disorder, and history of substance abuse." R. 21. Despite these impairments, the ALJ determined Plaintiff has the residual functional capacity (RFC) to perform a full range of work at all exertional levels, but with nonexertional limitations. R. 24–25. The ALJ then found, based on testimony from vocational experts, that a significant number of jobs exist in the national economy Plaintiff could perform with his limitations. R. 30. Thus, the ALJ determined Plaintiff was not disabled. R. 31.

## IV.   DISCUSSION

Plaintiff identifies one issue for this Court's review: whether the ALJ erred by failing to order a mental consultative examination. Doc. 6 at 2. He argues that "[t]he evidence of record, lacking a valid, persuasive, qualified expert's functional assessment of [Plaintiff's] mental capacities during the whole of the period of disability at issue, did not provide the ALJ adequate evidence to make an informed decision as to the nature and extent of [Plaintiff's] mental limitations and their impact on his RFC." *Id.* at 7.

The ALJ has a basic duty to develop a full and fair record. *Graham v. Apfel*, 129 F.3d 1420, 1422 (11th Cir. 1997) (citation omitted). This duty generally requires the ALJ to assist, when necessary, in gathering medical evidence from Plaintiff's medical sources and to order a consultative examination when one is necessary to make an informed

decision. 20 C.F.R. § 404.1512(b). Nonetheless, "the claimant bears the burden of proving that he is disabled, and, consequently, he is responsible for producing evidence in support of his claim." *Ellison v. Barnhart*, 355 F.3d 1272, 1276 (11th Cir. 2003) (citations omitted).

"Ordering a consultative examination is a discretionary matter for the ALJ and would be sought 'to try to resolve an inconsistency in the evidence or when the evidence as a whole is insufficient to support a determination or decision' on the claim." *Banks for Hunter v. Comm'r, Soc. Sec. Admin.*, 686 F. App'x 706, 713 (11th Cir. 2017) (quoting 20 C.F.R. § 416.919a(b)). Before the Court will remand a case for further development of the record, there must be a showing that the ALJ's failure to develop the record led to evidentiary gaps, which resulted in unfairness or clear prejudice. *Graham*, 129 F.3d at 1423 (citing *Brown v. Shalala*, 44 F.3d 931, 934–35 (11th Cir. 1995)). At a minimum, clear prejudice "requires a showing that the ALJ did not have all of the relevant evidence before him in the record . . . or that the ALJ did not consider all of the evidence in the record in reaching his decision." *Kelley v. Heckler*, 761 F.2d 1538, 1540 (11th Cir. 1985) (citation omitted).[1]

---

[1] The Social Security regulations provide:

> Situations that may require a consultative examination. We may purchase a consultative examination to try to resolve an inconsistency in the evidence, or when the evidence as a whole is insufficient to allow us to make a determination or decision on your claim. Some examples of when we might purchase a consultative examination to secure needed medical evidence, such as clinical findings, laboratory tests, a diagnosis, or prognosis, include but are not limited to:
> (1) The additional evidence needed is not contained in the records of your medical sources;

Here, Plaintiff's failure to show up for scheduled consultative exams created the alleged incomplete record. Dr. Robert Estock, a State agency psychiatric consultant, completed a psychiatric review technique (PRT) assessment and noted in his report that Plaintiff had failed to attend a scheduled mental consultative evaluation. R. 28; *see also* R. 168. Dr. Harold R. Veits, another State agency psychiatric consultant, also completed a PRT assessment and also noted that Plaintiff failed to appear for two mental consultative evaluations. R. 28; *see also* R. 188. "The failure to appear for a consultative examination may alone be sufficient to support a finding that a plaintiff is not disabled." *Tinch v. Astrue*, 2009 WL 3379570, at *3 (M.D. Ala. Oct. 19, 2009) (citations omitted). When a person is "applying for benefits and do[es] not have a good reason for failing . . . to take part in a consultative examination . . . [the ALJ] may find that [the person] [is] not disabled." 20 C.F.R. §§ 404.1518; 416.918. Plaintiff gave no reason, good or otherwise, for missing his consultative exams. "[Plaintiff] asks this [C]ourt to reverse the ALJ's decision for failure to develop the record where [his] own failure to cooperate is the sole reason that the record may be incomplete. The [C]ourt will not do so." *Robinson v. Colvin*, 2015 WL 4067266, at *8 (N.D. Ala. July 1, 2015).

---

(2) The evidence that may have been available from your treating or other medical sources cannot be obtained for reasons beyond your control, such as death or noncooperation of a medical source;

(3) Highly technical or specialized medical evidence that we need is not available from your treating or other medical sources; or

(4) There is an indication of a change in your condition that is likely to affect your ability to work, but the current severity of your impairment is not established.

20 C.F.R. § 404.1519a(b).

Additionally, the Court finds that, even without the mental consultative exam, the record contained sufficient information for the ALJ to render a decision based on substantial evidence, and the ALJ's failure to order a consultative examination did not result in unfairness or clear prejudice to Plaintiff. As an initial matter, at no time during the hearing or supplemental hearing before the ALJ did Plaintiff or his counsel request an additional consultative examination, provide an explanation for his failure to attend his consultative exams, or suggest that further medical evidence was needed to evaluate Plaintiff's condition. R. 41–94. It appears the ALJ considered all the medical records that existed from Plaintiff's alleged onset date through the date of his decision, and Plaintiff does not challenge the accuracy of these records or the ALJ's analysis of these records. *See* Doc. 6.

The objective evidence, treatment records, Plaintiff's self-assessment in his initial and supplemental testimony, and the exam findings of evaluating doctors provided substantial evidence for the ALJ to make an RFC determination. The ALJ considered that Plaintiff had been hospitalized for psychiatric complaints on 13 occasions since the amended alleged onset date and considered the records of those hospitalizations. R. 26–28. The ALJ also noted that in between hospitalizations, Plaintiff has normal mental status examination results during mental health counseling and group treatment activities, corroborated by Plaintiff's testimony of helping around the house, taking out the trash, and working part-time at McDonald's with earnings close to the substantial gainful activity level. *Id.*; *see also* R. 48–49, 86–87. Based on his analysis of the record, the ALJ determined that Plaintiff was capable of a full range of work at all exertional levels with

nonexertional limitations pertaining to Plaintiff's mental impairments. The absence of a mental consultative exam did not render the ALJ incapable of making this overall RFC determination. Plaintiff's "disagreement with the interpretation of [the] evidence does not warrant a remand of [his] case." *Sarria v. Comm'r of Soc. Sec.*, 579 F. App'x 722, 724 (11th Cir. 2014).

Thus, the ALJ did not err in failing to order a consultative examination under these circumstances.

## V.     CONCLUSION

For the reasons set forth above, the undersigned finds that the ALJ's determinations are supported by substantial evidence and that the ALJ correctly applied the law. Accordingly, it is ORDERED as follows:

1.     Plaintiff's Motion for Summary Judgment (Doc. 6) is DENIED;

2.     The Commissioner's Motion for Summary Judgment (Doc. 7) is GRANTED; and

3.     The Commissioner's decision is AFFIRMED.

A final judgment will be entered separately.

DONE this 7th day of November, 2024.


/s/ Kelly Fitzgerald Pate
KELLY FITZGERALD PATE
UNITED STATES MAGISTRATE JUDGE